STATE LAW LIBRARY
DEC 0 6 2006
OF MONTANA

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## No. AF 06-0628

FILED

NOV 0 8 2006

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF REVISING )
THE RULES FOR LAWYER )
DISCIPLINARY ENFORCEMENT ) O R D E R
)

On September 11, 2006, Shaun R. Thompson, Disciplinary Counsel, Office of Disciplinary Counsel (ODC) petitioned this Court to adopt changes to the Rules for Lawyer Disciplinary Enforcement (2002) (RLDE (2002)). Mr. Thompson states the Rule 5B(15), RLDE (2002) requires Disciplinary Counsel to "[p]repare an annual budget for the [ODC] and submit it to [this Court] for approval."[1]

Mr. Thompson correctly observes that this Court will no longer be approving the budget of the ODC. Rather, in the summer of 2006, ODC and the State Bar of Montana (Bar) entered into a Memorandum of Understanding regarding their respective obligations with respect to the preparation, approval and submission of ODC's budget.

The proposed amendments to Rule 5B(15) are necessary to conform the Rule to the new budgetary procedure.

On October 26, 2006 the Board of Trustees of the State Bar of Montana (Board) filed its response and comments to Mr. Thompson's Petition and is in support of the same. Therefore,

IT IS ORDERED that Rule 5, RLDE (2002) is amended to read as follows:

**RULE 5—OFFICE OF DISCIPLINARY COUNSEL**

**A. Appointment.** The Court shall appoint a lawyer to serve as Chief Disciplinary Counsel and may appoint such Deputy Disciplinary Counsels as they deem necessary. Disciplinary Counsel shall not engage in private practice; shall be admitted to practice in Montana at the time of appointment or within a reasonable time thereafter as determined by the Court; and shall maintain offices in Helena, Montana, in facilities designated by the Court.

---

[1] The Court, *sua sponte*, noted several clerical errors in the Rule at subparagraphs (5), (19), and C, and corrected those herein, as well.

1

**B. Powers and Duties.** Disciplinary Counsel shall perform all prosecutorial functions and shall have the following powers and duties:

(1) Supervise Office of Disciplinary Counsel (Office) staff in performing central intake functions;

(2) Evaluate all information coming to the attention of the Office to determine whether it is within the disciplinary jurisdiction of the Court;

(3) Investigate all information coming to the attention of the Office which, if true, would be grounds to discipline or transfer to disability/inactive status;

(4) Investigate all facts pertaining to petitions for reinstatement or readmission;

(5) Dismiss the information which, if true, would not constitute misconduct or incapacity; or recommend discipline;

(6) Prosecute before Review Panels, Adjudicatory Panels and the Court, discipline, interim suspension, reinstatement and readmission proceedings, and proceedings for transfer to or from disability/inactive status;

(7) Employ and supervise Office staff needed for the performance of prosecutorial functions and, when circumstances necessitate their use, appoint and supervise special investigators and volunteer special counsel;

(8) Notify promptly the complainant and the lawyer that an investigation is to be initiated by Disciplinary Counsel or, where Disciplinary Counsel dismisses, provide a concise written statement of the facts and reasons a matter has been dismissed;

(9) Develop written guidelines for determining which matters fail to allege facts that would constitute grounds for disciplinary action;

(10) Request the Clerk of the Supreme Court to notify each jurisdiction in which a lawyer is admitted of a transfer to or from disability/inactive status, reinstatement, readmission or any public discipline imposed in this state;

(11) Whenever costs have been assessed against a lawyer by the Supreme Court, assemble and serve on the lawyer an itemized list of the costs of proceedings, investigations and audits;

(12) Seek reciprocal discipline when informed of any public discipline imposed in any other jurisdiction;

(13) Forward a certified copy of the judgment of conviction to the disciplinary office in each jurisdiction in which a lawyer is admitted when the lawyer is convicted of a serious crime (as hereinafter defined) in this state;

(14) Maintain permanent records of discipline and disability matters and compile statistics to aid in the administration of the system;

(15) Prepare an annual budget for the Office and submit it to the ~~Court for approval~~ Board of Trustees of the State Bar of Montana for review;

(16) Make reasonable and necessary expenditures pursuant to the ~~approved~~ reviewed budget to perform the duties of the Office;

(17) Supervise and direct Office staff and operations;

2

(18) Prepare and submit to the Court recommendations concerning the annual assessment of Bar Members; and

(19) Make recommendations to the Court about the lawyer regulation system.

**C. Prohibited Activities.** Disciplinary Counsel shall not have authority to render advisory opinions, either orally or in writing, or to impose any form of discipline on a lawyer.

Stricken language is deleted and underlined language is added.

IT IS FURTHER ORDERED that this Order is effective as of the date hereof.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order to Shaun R. Thompson, Disciplinary Counsel; to Cynthia Smith, Chair of the Board of Trustees of the State Bar of Montana; to Chris Manos, Executive Director of the State Bar of Montana with the request that this Order be published in the next available issue of the *Montana Lawyer* and be posted to the State Bar of Montana's website; and to Gregory J. Petesch, Code Commissioner.

Dated this ___8th___ day of November 2006.

_____
Chief Justice

_____
_____
_____
_____
_____
_____
Justices

3